IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DIANA AKINS                                                                                          PLAINTIFF

      v.                              CIVIL NO. 13-3075

CAROLYN W. COLVIN, Commissioner
Social Security Administration                                                            DEFENDANT

## ORDER

On July 29, 2013, Plaintiff submitted a complaint for filing in this district, together with a request for leave to proceed *in forma pauperis* ("IFP"). ECF Nos. 1, 2. For reasons stated below, Plaintiff's motion is denied.

Federal courts have the statutory authority to permit the commencement of a civil action without prepayment of fees or costs by a person who submits an affidavit that she is unable to pay such costs or give security therefor. 28 U.S.C. § 1915(a). The purpose of 28 U.S.C. § 1915 is to ensure that indigent litigants have an entre, not a barrier, to the federal courts. *In re Williamson*, 786 F.2d 1336, 1338 (8th Cir. 1986) (quoting *Souder v. McGuire*, 516 F.2d 820, 823 (3rd Cir. 1975)). Although a claimant need not be "completely destitute" to take advantage of the IFP statute, he or she must show that paying the filing fee would result in an undue financial hardship. *Williamson*, 786 F.2d at 1338.

A number of courts have recognized that, in making an IFP determination, it is proper to consider whether the party claiming indigent status receives financial support from his or her spouse or family. *See Helland v. St. Mary's Duluth Clinic Health Sys.*, 2010 WL 502781, at *1 n.1 (D. Minn. Feb. 5, 2010); *Pifer v. Astrue*, 2009 WL 3379021 at *3 (N.D. W.Va. Oct. 16, 2009); *Fridman v. City of New York*, 195 F. Supp. 2d 534, 537 (S.D.N.Y. 2002) (quoting

*Williams v. Spencer*, 455 F. Supp. 205, 208-09 (D. Md. 1978)); *Assaad-Faltas v. University of South Carolina*, 971 F. Supp. 985, 990 n. 9 (D.S.C. 1997); *Lee v. Wal-Mart Stores, Inc.*, 1993 WL 316756 at *3 (N.D. Ind. August 18, 1993).

Plaintiff's IFP application reveals that she is not employed, but her husband works and receives approximately $57,200.00 annually from his employment. Plaintiff and her husband own four vehicles, farm equipment, a boat, a camper, a trailer, cattle, 150 acres of land, and their home, which sits on two acres of land. Plaintiff's expenses are as follows: $15,000.00 annually for livestock; $8,267.00 annually for farm loan; $439.98 monthly for hay baler, brush hog, and cutter; $4,100.00 annually for hay rake; $515.62 monthly for tractor; $210.00 monthly for flatbed trailer; $622.86 monthly for home; $200.00 monthly for electricity; $550.00 monthly for fuel bill; $30.00 monthly for satellite television; $70.00 monthly for home phone; $90.00 monthly for cell phones; $1,100.00 annually for heat; $800.00 annually for taxes; $1,400.00 annually for home insurance; $157.00 monthly for car insurance; $110.00 annually for farm equipment insurance; $6,000.00 annually for cattle feed; $500.00 monthly for groceries, $25.00-$30.00 monthly for personal items and toiletries; $250.00 monthly for credit card payments; $100.00 monthly for medical bills; and $20.00-$60.00 monthly for prescriptions. Plaintiff has no dependents.

Here, Plaintiff is by no means destitute. She and her husband own extensive property and receive approximately $4,767.00 monthly from his employment, which is well above the income of most IFP claimants. Plaintiff has not shown that her assets, including her husband's income, are insufficient to allow her to pay the filing fee for this action, nor has she alleged that her husband has denied access to such funds. *See Lee v. McDonald's Corp.*, 231 F.3d 456, 458-459

2

(8th Cir. 2000). As such, Plaintiff has not shown that paying the one-time filing fee would create an undue financial hardship. For these reasons, the undersigned finds that a waiver of the filing fee would be inappropriate in this instance.

Accordingly, Plaintiff's motion for leave to proceed IFP is DENIED. Plaintiff is directed to tender the filing fee of $400.00 by August 29, 2013. Should Plaintiff fail to comply within the required period of time, her complaint will become subject to summary dismissal for failure to obey a court order.

IT IS SO ORDERED this 30th day of July 2013.

/s/ *J. Marschewski*
HONORABLE JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE