THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF ARKANSAS
HARRISON DIVISION

DIANA AKINS                                                                                    PLAINTIFF

v.                              Civil No. 13-3075

CAROLYN W. COLVIN,[1] Commissioner
Social Security Administration                                                             DEFENDANT

MEMORANDUM OPINION

Plaintiff, Diana Akins, brings this action under 42 U.S.C. § 405(g), seeking judicial review of a decision of the Commissioner of Social Security Administration (Commissioner) denying her claim for disability insurance benefits ("DIB") under Title II of the Social Security Act (hereinafter "the Act"), 42 U.S.C. §§ 423(d)(1)(A). In this judicial review, the court must determine whether there is substantial evidence in the administrative record to support the Commissioner's decision. *See* 42 U.S.C. § 405(g).

I.     **Procedural Background**

Plaintiff applied for DIB on May 13, 2011. (Tr. 13.) Plaintiff alleged an onset date of January 1, 2011 due to a neck injury which causes severe headaches and fibromyalgia. (Tr. 158.) Plaintiff's applications were denied initially and on reconsideration. Plaintiff requested an administrative hearing, which was held on June 7, 2012 in front of Administrative Law Judge ("ALJ") Clifford Shilling. Plaintiff was present to testify and was represented by counsel. The ALJ also heard testimony from Vocational Expert ("VE") Larry Seifert.

At the time of the administrative hearing, Plaintiff was 51 years old, and possessed a high school diploma. (Tr. 159.) The Plaintiff had past relevant work experience ("PRW") of vocational training instructor, working for the same company for over eighteen years as a valued employee. (Tr. 20, 270.)

---

[1] Carolyn W. Colvin became the Social Security Commissioner on February 14, 2013. Pursuant to Rule 25(d)(1) of the Federal Rules of Civil Procedure, Carolyn W. Colvin has been substituted for Commissioner Michael J. Astrue as the defendant in this suit.

On August 10, 2012, the ALJ concluded that Plaintiff suffered from the following severe impairments: "degenerative disc disease of the cervical spine, degenerative disc disease of the lumbar spine, degenerative joint disease, and fibromyalgia." (Tr. 15.) The ALJ found that Plaintiff maintained the residual functional capacity to perform light work with the following limitations:

> She can lift and carry 20 pounds occasionally and 10 pounds frequently. She can stand and walk 6 hours in an 8-hour workday with normal breaks. She can sit about 6 hours in an 8-hour workday with normal breaks. She can occasionally balance, stoop, kneel, crouch, and crawl. She cannot reach overhead with her bilateral upper extremities.

(Tr. 16.) With the assistance of the VE, the ALJ determined that the Plaintiff could perform her past relevant work as a vocational instructor. (Tr. 20.)

Plaintiff requested a review by the Appeals Council on September 4, 2012. (Tr. 9.) The Appeals Council declined review on June 20, 2013. (Tr. 1.) Plaintiff filed this appeal on July 29, 2013. (ECF. No. 1.) Both parties have filed appeal briefs, and the case is now ready for decision. (ECF Nos. 11, 12.)

**II.    Applicable Law**

This Court's role is to determine whether the Commissioner's findings are supported by substantial evidence on the record as a whole. *Cox v. Astrue*, 495 F.3d 614, 617 (8th Cir. 2007). Substantial evidence is less than a preponderance, but enough that a reasonable mind would find it adequate to support the Commissioner's decision. *Id*. "Our review extends beyond examining the record to find substantial evidence in support of the ALJ's decision; we also consider evidence in the record that fairly detracts from that decision." *Id*. As long as there is substantial evidence in the record to support the Commissioner's decision, the court may not reverse the decision simply because substantial evidence exists in the record to support a contrary outcome, or because the court would have decided the case differently. *Haley v. Massanari*, 258 F.3d 742, 747 (8th Cir. 2001). If the court finds it possible "to draw two inconsistent positions from the evidence, and one of those positions represents the Secretary's findings, the court must affirm the decision of the Secretary." *Cox*, 495 F.3d at 617 (internal quotation and alteration omitted).

It is well-established that a claimant for Social Security disability benefits has the burden of proving his disability by establishing a physical or mental disability that has lasted at least one year and that prevents him from engaging in any substantial gainful activity. *Pearsall v. Massanari*, 274 F.3d 1211, 1217 (8th Cir. 2001); *see* 42 U.S.C. § 423(d)(1)(A), 1382c(a)(3)(A). The Act defines "physical or mental impairment" as "an impairment that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. § § 423(d)(3), 1382(3)(c). A plaintiff must show that his disability, not simply his impairment, has lasted for at least twelve consecutive months. *Titus v. Sullivan*, 4 F.3d 590, 594 (8th Cir. 1993).

The Commissioner's regulations require him to apply a five-step sequential evaluation process to each claim for disability benefits: (1) whether the claimant has engaged in substantial gainful activity since filing his claim; (2) whether the claimant has a severe physical and/or mental impairment or combination of impairments; (3) whether the impairment(s) meet or equal an impairment in the listings; (4) whether the impairment(s) prevent the claimant from doing past relevant work; and, (5) whether the claimant is able to perform other work in the national economy given his age, education, and experience. *See* 20 C.F.R. § § 404.1520(a)- (f)(2003). Only if the final stage is reached does the fact finder consider the plaintiff's age, education, and work experience in light of his or her residual functional capacity. *See McCoy v. Schweiker*, 683 F.2d 1138, 1141-42 (8th Cir. 1982); 20 C .F.R. § § 404.1520, 416.920 (2003).

**III. Discussion**

Plaintiff raises two issues on appeal: 1) the ALJ erred in failing to find Plaintiff's headaches a severe impairment; and 2) the ALJ erred in failing to consider Plaintiff's the side effects of Plaintiff's medication as part of the credibility determination. This Court agrees that the ALJ failed to consider Plaintiff's medication side effects, instead relying solely on his finding that Plaintiff's subjective complaints were not consistent with the objective medical evidence. Therefore the first issue will not be addressed.

While an ALJ may consider a lack of objective medical evidence as a factor in assessing claimant's credibility, it is not permissible to discredit a claimant's subjective allegations of pain solely for that reason. *Forte v. Barnhart,* 377 F.3d 892, 895. (8th Cir. 2004.)

In this case, the ALJ did just that. He first stated "the claimant's subjective claimant's of pain are out of proportion to the objective medical evidence." (Tr. 19.) He also stated "[t]he intensity and persistence of the claimant's pain and other symptoms are not consistent with the medical record signs and medical record as a whole." (Tr. 19-20.) There are no other reasons given for discrediting Plainitff's subjective allegations of pain.

The ALJ must properly consider the claimant's testimony regarding significant medication side effects. *Porch v. Chater*, 115 F.3d 567, 572 (8th Cir. 1997). This requires an express examination of the dosage, effectiveness, and side effects of all medication. *Polaski*, 739 F. 2d at 1322. Failure to include medication side effects in the hypothetical to the VE, "at a minimum," requires the case to be remanded. *Mitchell v. Sullivan*, 925 F.2d 247, 250 (8th Cir. 1991).

Regarding Plaintiff's medication side effects, she testified that she takes Savella for her fibromyalgia and pain medication (Cyclobenzaprine). She testified that they make her sleepy and "knock her out." She testified she is "like a zombie." (Tr. 41.) She noted that her medications made her drosy and very sleepy on her October 16, 2011 function report. (Tr. 241.) She complained of this to her physician at her May 2012 appointment and he discontinued her Norco and reduced her prescription amount for Cyclobenzaprine. Fatigue is a listed side effect of Cyclobenzaprine. http://www.pdr.net/drug-summary /cyclobenzaprine-hydrochloride?druglabelid=3089&id=1153. Insomnia is a listed side effect of Savella. http://www.pdr.net/drug-summary/savella?druglabelid=2094. Headache and/or migraine are also side effects of both dugs. Despite this, the ALJ did not include medication side effects in his hypotheticals to the VE. To the extent that a hypothetical which included extra breaks and an individual who would be off task twelve percent of each workday might have been intended to include side effects, the VE testified that

4

there would be no jobs. Therefore this was not an error in opinion writing technique which would have little or no effect on the outcome of the case. *See Forte*, 377 F.3d at 896 (an arguable deficiency in opinion writing technique is not sufficient reason to set aside an opinion if the deficiency "probably had no practical effect on the outcome of the case.")

The Court also notes that Defendant relied upon a function report dated May 23, 2011 to support the ALJ's decision to discredit Plaintiff's allegations of medication side effects. (Pl.'s Br. 10.) In this report, Plaintiff stated that she "had no problem with attention span." (Tr. 193.) As this document was completed approximately one month prior to the time that Plaintiff was prescribed and began taking Savella and Cyclobenzaprine, Defendant's reliance on this document is misplaced.

On remand, the ALJ is directed to expressly evaluate each of the *Polaski* credibility factors as to Plaintiff's impairments. Once this is completed, any changes that might result in her Overall RFC must be addressed to the VE, either in person or by interrogatory.

### IV. Conclusion

Accordingly, we conclude that the ALJ's decision is not supported by substantial evidence and should be reversed and remanded to the Commissioner for further consideration pursuant to sentence four of 42 U.S.C. § 405(g).

DATED this 5th day of November 2014.

/s/ *J. Marschewski*
HON. JAMES R. MARSCHEWSKI
CHIEF UNITED STATES MAGISTRATE JUDGE